THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| **ADALBERTO HERNANDEZ**, a deceased individual; and **ROSA ESPINOSA AGUILERA**, heir of Adalberto Hernandez, as an individual and on behalf of Adalberto Hernandez, | ) ) ) ) |
| Plaintiffs, | ) Case No.   2:08-CV-000992 |
| v. | ) ) MEMORANDUM DECISION ON ) MOTION FOR SUMMARY JUDGMENT |
| **SALT LAKE COUNTY**, a governmental entity; et al., | ) ) |
| Defendants. | ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Defendant Salt Lake County filed a Motion for Summary Judgment asserting that there exists no genuine issues of material fact regarding the responsibility for the death of Adalberto Hernandez.  Plaintiffs' complaint alleges both constitutional and state-law based claims against Defendants originating from the death of Adalberto Hernandez which occurred shortly after he was booked into the Salt Lake County Adult Detention Center (the "Jail").  Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 and allege Wrongful Death, Personal Injury, and Intentional Infliction of Emotional Distress pursuant to Utah law.  Defendants argue that all of Plaintiffs' claims are without merit substantively and that because there exists no genuine issue of material fact as to any of the Plaintiffs' claims, the Defendants are entitled to summary judgment as a matter of law on all counts.  This court agrees.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if there are no disputed issues of material fact and "the moving party is entitled to judgment as a matter of law."[1]  On summary judgment the court views the evidence and draws inferences in a light most favorable to the non-moving party. However the party must set forth specific facts showing that there is a genuine issue for trial.[2] Summary judgment is still appropriate when the parties do not dispute the events that occurred, but rather dispute the interpretation that should be given to those facts.

## III. ANALYSIS

**A. Plaintiffs' Claim for Loss of Continuing Relationship**

Plaintiff Aguilera's first claim is brought pursuant to 42 U.S.C. § 1983 for her loss of the right to have a continuing relationship with her son. The Tenth Circuit has stated that "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983." *Trujillo v. Bd. of Co. Commrs of Co. of Santa Fe*, 768 F.2d 1186, 1190 (10th cir. 1985). Later in *Griffin v. Strong*, 983 F.2d 1544, 1548 (10th Cir. 1993), the court stated "[n]ot every statement or act that *results* in an interference with the rights of intimate association is actionable. Rather, to rise to the level of a constitutional claim, the defendant must *direct* his or her statements or conduct at the intimate relationship with knowledge that the statements or conduct will adversely affect that relationship."

There are no such facts in this case that show Defendants intended to harm Aguilera in their treatment of Hernandez or that their conduct was directed against her right of familial

---

[1] Fed. R. Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

association. Aguilera's right of familial association is based on the Fourteenth Amendment liberty interest. *See id. at 1547*. Thus, evaluation of a party's rights under substantive due process requires that the court balance the party's liberty interests against the relevant state interests. *See Youngberg v. Romeo*, 457 U.S. 307 (1982). It is apparent that Salt Lake County had an interest in seeing that Hernandez received adequate attention once he appeared to free himself from the restraint and inflict a wound in his mouth.[3] Additionally, there is no support for Plaintiffs' argument that the defendants' intent to remove Hernandez from his cell, because of his deteriorating condition, to transfer him to the Jail's Acute Mental Health Unit translated into an intent to kill him or do him harm or was otherwise directed at the mother's relationship with her son. Therefore, the familial association claim is subject to dismissal.

### B.  Plaintiff's Claim Under 42 U.S.C. § 1983 for Wrongful Death and Personal Injury

Plaintiffs assert claims for wrongful death and personal injury. Aguilera appears in this matter individually as an heir of Hernandez. As an heir, she is entitled to raise constitutional claims that are personal to her. The Tenth Circuit has stated that "a section 1983 claim must be based upon the violation of [the] plaintiff's rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th cir. 1990). In *Berry v. Muskogee* the court also held that "a survival action, brought by the estate of the deceased victim, in accord with § 1983's express statement that the liability is 'to the party injured'" is the proper federal remedy in § 1983 death cases. 900 F.2d 1489, 1506-07 (10th Cir. 1990). Plaintiffs do not bring this claim as representatives of the estate, only as heirs and as such it appears that plaintiffs cannot maintain Hernandez' claims for wrongful death and personal injury under § 1983.

---

[3] *See* Exhibit 5 to *Def's Memo in Support of Mt. for Sum. Judg.*

However, regardless of the position under which Aguilera brings this claim as the law is ambiguous regarding heirs, a claim of excessive force arising under § 1983 only arises if prison officials use force more excessive than necessary to preserve safety and discipline in the prison facility.  An excessive force claim is analyzed by determining whether the defendants' actions were objectively reasonable in light of the surrounding facts and circumstances.  *Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997) citing *Graham v. Connor*, 490 U.S. 386, 397 (1989).  The use of force should be judged from the perspective of a reasonable officer on the scene who is often forced to make a split-second judgment regarding the amount of force which is necessary.  *Id.*  The officers had to make a decision whether to allow Hernandez to continue to attempt to free himself and further harm himself.  As argued in the briefs, even Plaintiffs' experts in this case testified in their depositions that the Defendants' actions were neither unreasonable, malicious, nor deliberately intended to cause harm to Hernandez and this court agrees.[4]

---

[4] *See* David Keylon Depo, pp. 95-96, (Exhibit H of *Pltfs' Memo in Opp. to Def's Mt. for Sum. Judg.*).  *See also* Gunja Depo, p. 132 (Exhibit C to *Pltf's Memo in Opp. to Def's Mt. for Sum. Judg.*).

**C. Immunity**

Utah's Governmental Immunity Act states that a plaintiff may not bring or pursue any civil action against an employee whose act or omission gave rise to the claim, unless: "(I) the employee acted or failed to act through fraud or willful misconduct." Utah Code Ann. § 63 G-7-202(3)(c)(I). The term "willful misconduct" is defined in Utah's Governmental Immunity Act as "the intentional doing of a wrongful act, or the wrongful failure to act, without just cause or excuse, where the actor is aware that the actor's conduct will probably result in injury." Utah Code Ann. § 63G-7-102(10). Plaintiffs argue that because the officers' actions in attempting to extract Hernandez from his cell were intentionally taken, Defendants acted with "willful misconduct." The court is not persuaded by this argument. Regardless of whether it would have been more reasonable for them to have left Hernandez in the cell in the face of what appeared to be him harming himself, at best the Defendants may have been negligent in not employing another alternative to the forced cell extraction and this does not rise to the level of "willful misconduct" that is required to overcome immunity.[5]

---

[5] Because this court finds that the Defendants' conduct was not sufficient to destroy immunity, the court need not address the issue of Hernandez' contributory negligence regarding his death even though he ingested the methamphetamine which was listed as the primary cause of death ("probable cardiac rhythm disturbance due to methamphetamine toxicity" )and the medical examiner stated in his deposition that the physical altercation and restraint that was done did not cause Hernandez' death. *See Leis Depo.*, pp. 31-32.

## CONCLUSION

For the foregoing reasons Salt Lake County's Motion for Summary Judgment is **granted** and the complaint is dismissed with prejudice. As to the issue of costs and attorney's fees, the court reserves ruling until it is advised that counsel cannot come to some agreement as to this matter.

SO ORDERED.

DATED this   25th   day of   March  , 20 13 .

BY THE COURT:

_David Sam_

DAVID SAM

SENIOR JUDGE

U.S. DISTRICT COURT